UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RICHARD LYTEL,

          Plaintiff,

   v.

JANET SIMPSON,

          Defendant.

AND RELATED CROSS-ACTION

Case No.: C 05-1937 (JF) PVT

**ORDER GRANTING MOTION FOR EARLY LIMITED DISCOVERY**

On July 12, 2005, Plaintiff filed a Motion for Early Limited Discovery.[1]  Having reviewed the papers submitted by the parties, the court finds it appropriate to rule on the motion without oral argument.  Based on the briefs and arguments presented,

      IT IS HEREBY ORDERED that Plaintiff's motion is GRANTED.  The limited discovery outlined in Plaintiff's motion may commence.

      Rule 26(d) of the Federal Rules of Civil Procedure imposes an automatic stay on discovery pending the parties' Rule 26(f) conference.  Rule 26(d) allows for earlier discovery either by

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

agreement of the parties or order of the court. Rule 26(d) does not appear to require a showing of "good cause" to obtain an order allowing early discovery.[2] However, even assuming Rule 26(d) requires "good cause," Plaintiff has adequately made such a showing based on his medical condition and the possibility that further deterioration of his health may impede his ability to actively participate in the discovery process in the future. And Defendant's recent filing of her Anti-SLAPP motion creates an additional need to allow the limited discovery requested by Plaintiff.

Dated: *8/22/05*

                                                */s/ Patricia V. Trumbull*
                                                PATRICIA V. TRUMBULL
                                                United States Magistrate Judge

---

[2] Since the express language of Rule 26(d) does not mention any "good cause" requirement to obtain an order allowing early discovery as it does in other contexts (such as to obtain a protective order under Rule 26(c)), the rules of statutory construction appear to require a finding that the drafters did not intend to impose any good cause requirement for early discovery. *See, e.g., Duncan v. Walker*, 533 U.S. 167, 173 (2001) (Where language is included in one section of a statute, but omitted from another section, it is presumed that the drafters acted intentionally in authoring the disparate inclusion or exclusion). Furthermore, Rule 26(d) anticipates that the parties will conduct their Rule 26(f) conference, and thus discovery will commence, "as soon as practical." *See* FED.R.CIV.PROC. 26, Adv. Comm. Notes (1993 amendments to subdivision (d)). Where, as here, a reasonable amount of time for the parties to initiate their Rule 26(f) conference has already elapsed, imposition of a "good cause" requirement would run counter to the Advisory Committee's notation that courts can "assure that discovery is not unduly delayed." *Ibid.* This language suggests that the burden should be on the party *opposing* early discovery to show that further delay is warranted.