**E-Filed 9/20/05**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| RICHARD LYTEL,<br><br>          Plaintiff,<br><br>     v.<br><br>JANET SIMPSON,<br><br>          Defendant.<br><br>AND RELATED CROSS-ACTION | Case Number 05-01937-JF<br><br>ORDER[1] GRANTING DEFENDANT'S MOTION TO STRIKE<br><br>[Docket No. 14] |

   Defendant Janet Simpson ("Simpson") moves to strike the First, Second, Third, and Fourth Causes of Action of the Complaint filed by Richard Lytel ("Lytel"), to the extent that they are based upon statements made by Simpson to the California Department of Fair Employment and Housing ("DFEH"). Simpson argues that her statements to the DFEH were made in furtherance of her rights of petition and free speech and therefore fall within the protection of

---

[1] This disposition is not designated for publication and may not be cited.

1  California Civil Procedure Code Section 425.16.[2]  In his opposition, Lytel responds that "it is
2  undisputed that any statements made by Simpson to the DFEH are privileged and, as such, they
3  are not the subject of any allegation in the complaint."  Opp. at 3.  Counsel for Lytel reiterated
4  this position to the Court at the hearing on September 9, 2005.  Given Lytel's agreement that any
5  statements made by Simpson to the DFEH are privileged, the Court will grant Simpson's motion
6  to strike Lytel's claims for relief to the extent that they are based upon statements made by
7  Simpson to the DFEH.
8          Accordingly, Defendant's motion to strike is GRANTED.

11 DATED:   September 19, 2005

                                                    /s/ electronic signature authorized
                                                   JEREMY FOGEL
                                                   United States District Judge

---

[2] The purpose of § 425.16 is to "'allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation.'" *Verizon Del., Inc. v. Covad Communications Co.*, 377 F.3d 1081, 1090 (9th Cir. 2004) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003)).  These lawsuits often are referred to as "Strategic Lawsuits Against Public Participation," or "SLAPP suits," such that § 425.16 has come to be known as the "anti-SLAPP statute." *See, e.g.*, *Vess*, 317 F.3d at 1109.

1  This Order has been served upon the following persons:

2

3  <u>Counsel for Plaintiff</u>

4  eck@kastnerbanchero.com

5  slh@kastnerbanchero.com

6  fh@kastnerbanchero.com

7  ln@kastnerbanchero.com

8  mbisbee@ropers.com

9  jsimonson@ropers.com

10  pdunn@ropers.com

11  knguyen@ropers.com

12

13

14  <u>Counsel for Defendant</u>

15  jfr@olimpia-whelan-lively.com

16

17

18  <u>Counsel for Cross-Defendant</u>

19  urosales@wsgr.com

20  ggansle@wsgr.com

21  lreagan@wsgr.com

22

23

24

25

26

27

28

3

Case No. 05-01937-JF
ORDER GRANTING DEFENDANT'S MOTION TO STRIKE
(JFEX1)