UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD LYTEL,<br><br>        Plaintiff,<br><br>   v.<br><br>JANET SIMPSON,<br><br>        Defendant.<br>_____<br>AND RELATED CROSS-ACTION<br>_____ | Case No.: C 05-1937 JF (PVT)<br><br>**ORDER RE PLAINTIFF'S MOTION FOR AN ORDER SHORTENING TIME** |

On December 9, 2005, Plaintiff filed a Motion to Shorten Time for Hearing on Motion for Order to Compel Deposition of Defendant Janet Simpson, and Setting the Place of the Deposition and Determining the Length of the Depositions.[1] Having reviewed the moving papers, the court finds it appropriate to rule on the motion to shorten time without further briefing or oral argument. Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Plaintiff's motion to shorten time is DENIED.[2] The only

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2] Defendant Simpson is cautioned that this order is not intended to condone any dilatory and/or obstructive conduct on her part. From the purported "Objection to Deposition of Janet Simpson" that Simpson served in response to the notice of deposition Plaintiff served, it appears Simpson's failure to appear for deposition may well have been unjustified. Rule 37(d) expressly states

ORDER, *page 1*

reason Plaintiff proffers for shortening time is the fact that the Judge Fogel has ordered the ENE session to be completed by the end of January, if not the end of December, and Plaintiff would like to take Defendant Simpson's deposition before the ENE session. However, it is clear from the transcript of the November 18, 2005, Case Management Conference submitted by Plaintiff that Judge Fogel anticipated that the depositions would likely *not* be done before the ENE session. Plaintiff's counsel made no mention to Judge Fogel during that Case Management Conference of any desire to take Simpson's deposition prior to the ENE session.

Plaintiff has known of this dispute over Simpson's deposition since at least the first week of November when Simpson served a purported "objection" to the deposition notice. Presumably Simpson failed to appear for her duly noticed deposition on November 22, 2005. Yet Plaintiff waited over two more weeks before filing his motion to compel. And Plaintiff's counsel did not inform Judge Fogel at the November 28, 2005 Case Management Conference of any need for time to move to compel before the ENE session.

Under all of the circumstances, an order shortening time for the hearing is not warranted. The court understands Plaintiff's concern that Defendant Simpson is improperly delaying her deposition. However, monetary sanctions will be an adequate remedy assuming Simpson is unable to show substantial justification for failing to appear for deposition and fails to satisfactorily remedy the situation.

Dated: *12/15/05*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

that a party's failure to appear for deposition "may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)." There is no provision that allows a party to avoid appearing for deposition by simply serving written objections. Moreover, neither the fact that another party's deposition has not been completed, nor the location for which a deposition is noticed (absent a protective order), is justification for failing to appear for deposition. *See,* Fed.R.Civ.Pro. 26(d) & 30(b)(1). There is also no requirement that a party noticing a deposition "clear" a deposition date with another party's counsel. Civil Local Rule 30-1 requires only that the noticing party confer about the schedule. If an definitive agreement is not reached, the noticing party may proceed to notice the motion and the burden to seek relief is on the other party to seek a protective order.

ORDER, *page 2*