**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8  UNITED STATES DISTRICT COURT
9  NORTHERN DISTRICT OF CALIFORNIA
10  SAN JOSE DIVISION
11
12  RICHARD LYTEL,                          )   Case No.: C 05-1937 JF (PVT)
                                            )
13              Plaintiff,                  )   **ORDER RE PARTIES' PROPOSED**
                                            )   **FORM OF PROTECTIVE ORDER**
14       v.                                 )
                                            )
15  JANET SIMPSON,                          )
                                            )
16              Defendant.                  )
    _____)
17                                          )
    AND RELATED CROSS-ACTION                )
18  _____)

19       The parties have submitted a proposed Stipulated Protective Order.[1]  Based on the proposed
20  form of order presented,
21       IT IS HEREBY ORDERED that the parties shall revise the proposed form of order as
22  required by this order, and shall submit the revised form of order to the court (via electronic filing)
23  within 30 days of the date of this order.  Pending final entry of the Protective Order, the handling of
24  confidential information exchanged during discovery shall be governed by the form of Protective
25  Order submitted by the parties as it will be revised pursuant to this order.  The specific revisions to
26  be made to the form of Protective Order are as follows:
27
28       [1]   The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

1.     The revised form of order shall provide for two levels of protection, "Confidential" and "Confidential – Attorneys Eyes Only." The revised form of order shall note that the "Confidential – Attorneys Eyes Only" level of protection is appropriate only for the most highly sensitive information, and is warranted only if "the potential injury is substantial and cannot be prevented through the use of any device less restrictive of a party's access to his lawyer." *Doe v. Dist. of Columbia*, 697 F.2d 1115, 1120 (D.C. Cir. 1983). The court expects the parties to use the "Confidential – Attorneys Eyes Only" designation sparingly. *See, e.g., THK America v. NSK Co., Ltd.,* 157 F.R.D. 637 (N.D. Ill. 1993) (revoking party's right to use "attorneys' eyes only" designation as sanction for bad faith overuse of that designation).[2]

2.     Paragraph 2 of the Protective Order shall be revised to read:

> "This Protective Order shall govern and be applied to protect documents, materials, items or information that materially consist of information that is lawfully entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure. Before designating any specific information 'Confidential' or 'Confidential -- Attorneys Eyes Only,' the designating party or nonparty and counsel shall make a good faith determination that the information or material warrants that level of protection under Rule 26(c) of the Federal Rules of Civil Procedure. Absent further order of this court, or written agreement of the designating party, documents, materials, items or information designated 'Confidential' or 'Confidential -- Attorneys Eyes Only' shall be used by the receiving parties and their counsel solely in connection with this litigation, and not for any other purpose, and shall not be disclosed to anyone except as allowed herein. "

3.     Subparagraph (e) of Paragraph 4 (at page 4, lines 9-10)[3] shall be revised to

---

[2] Counsel are cautioned that over-designation of documents may result in sanctions. The filing of documents designated "Confidential" or "Confidential -- Attorneys' Eyes Only" puts an additional burden on the court. Often the party filing the document is not the designating party. In that situation the party does not have the option to unilaterally de-designate documents before submitting them to the court, and has no choice but to request they be filed under seal. Over-designating documents can thus result in unnecessary work for the court in sorting the documents that deserve sealing from those that do not, as well as additional work for the parties who must then re-file public versions of the non-confidential documents. The best way to avoid this result is for counsel to use best efforts to make appropriate designations at the outset, and to promptly de-designate a document when it comes to counsel's attention that the document is over-designated.

[3] The court notes that the form of order submitted by the parties does not have any page numbers. In order to facilitate citations to portions of the Protective Order in the future, the pages must be properly numbered.

ORDER, *page 2*

read: "The Court and court personnel within the course and scope of their duties;"

4. The last clause of Paragraph 9 shall be revised to read "or motion to otherwise modify the provisions of this Order."

5. Paragraph 10 shall be revised to refer to both parties and nonparties, and to replace the phrase "producing party" with "designating party or nonparty."

6. Subparagraph (g) of Paragraph 13 shall be revised to clarify that the parties need to obtain the written agreement of a designating nonparty to any waiver of protection as to documents designated by that nonparty.

7. Paragraph 13 shall be revised to read:

"In the event a party receives a discovery request for information that is subject to the confidentiality rights of a nonparty, the responding party shall attempt to obtain the consent of the nonparty to disclose the information pursuant to this Protective Order.  If the responding party cannot promptly obtain such consent from the nonparty, the responding party shall promptly provide the nonparty with written notice of:  (a) the discovery request seeking the information; (b) the title, court and case number of this action; and (c) the terms of this Protective Order.  Unless the nonparty files a motion for protection within 5 court days of such notification, the party in possession of the information shall comply with the discovery request, subject to any appropriate objections that the party asserts on its/her own behalf.  In the event a party receives a discovery request for information that is subject to a protective order in another action, the responding party shall object to the request based on that other protective order.  The requesting party shall then be responsible to seek relief from the other protective order from the designating party or nonparty in the other action or from the court that issued the other protective order."

8. The revised form of Protective Order shall omit either Paragraph 17 or Paragraph 18. These two paragraphs are largely duplicative of one another. In addition, whichever paragraph is retained shall be revised to provide that the redacted copy of the document shall be electronically filed rather than lodged.

9. Paragraph 22 shall be revised to clarify that the Protective Order does not supercede any court policies regarding the handling of documents filed or lodged by the parties, and that most documents filed or submitted to the court are not returned to the parties. *See, e.g.,* CIVIL L.R. 79-5(f) ("The chambers copy of sealed documents will be disposed of in accordance with the assigned Judge's discretion. Ordinarily these copies will

be recycled, not shredded, unless special arrangements are made.")

10. Paragraph 23 shall be revised to add the following clause to the end of the first sentence: "so long as it has not been disclosed in the public record."

11. Paragraph 24 shall be revised to read substantially as follows:

"If any party receives any legal process (including, but not limited to, a subpoena or discovery request in another action) that seeks documents, materials, items or information which has been designated 'Confidential' or 'Confidential – Attorneys Eyes Only' pursuant to this Protective Order, that party shall give prompt written notice (by fax and first class mail) to the designating party or nonparty, including a copy of the legal process. The party subject to the legal process shall give the person or entity who served the legal process notice of this Protective Order. The designating party or nonparty shall have the burden of defending against any such legal process. The party subject to the legal process shall cooperate with the designating party or nonparty with respect to any protective actions taken. However, nothing herein shall be construed as requiring any party, or anyone else covered by this Protective Order, to challenge or appeal any order requiring production of the the documents, materials, items or information sought, or to subject herself/himself/itself to any penalties for noncompliance with any legal process or order, or to seek relief from this or any other court."

12. The revised form of Protective Order shall have attached to it the Exhibit A referred to in the order. (It is missing from the proposed form of order electronically filed by the parties.)

Dated: *2/3/06*

PATRICIA V. TRUMBULL
United States Magistrate Judge