ULRICO S. ROSALES, State Bar No. 139809
GARY M. GANSLE, State Bar No. 200755
KORAY J. BULUT, State Bar No. 230298
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: urosales@wsgr.com

Attorneys for Cross-Defendant
Sun Microsystems, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LYTEL, an individual<br><br>　　　　Cross-Claimant,<br><br>v.<br><br>JANET SIMPSON, an individual<br><br>　　　　Defendant.<br><br>_____<br><br>JANET SIMPSON, an individual<br><br>　　　　Cross-Claimant,<br><br>v.<br><br>RICHARD LYTEL, an individual; and SUN MICROSYSTEMS, INC., a Delaware Corporation,<br><br>　　　　Cross-Defendants. | CASE NO.: C 05-01937 JF<br><br>**STIPULATED PROTECTIVE ORDER** AS MODIFIED BY THE COURT |

Each party recognizes that some of the documents and information which have been and may be produced in this action may include trade secrets, confidential, private and/or proprietary technical, commercial, business, personnel and/or financial information, or other confidential

research, development or commercial information. To preserve the confidentiality of such information, each party, through their respective counsel of record, agrees as follows, subject to the approval of the Court:

1. Any information or materials produced by any party or nonparty as part of discovery in this action may be designated by such party or nonparty as "Confidential" of "Confidential – Attorneys Eyes Only" pursuant to the terms of this Protective Order.

2. This Protective Order shall govern and be applied to protect documents, materials, items or information that materially consist of information that is lawfully entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure. Before designating any specific information 'Confidential' or 'Confidential – Attorneys Eyes Only,' the designating party or nonparty and counsel shall make a good faith determination that the information or material warrants that level of protection under Rule 26(c) of the Federal Rules of Civil Procedure. Absent further order of this court, or written agreement of the designating party, documents, materials, items or information designated 'Confidential' or 'Confidential – Attorneys Eyes Only' shall be used by the receiving parties and their counsel solely in connection with this litigation, and not for any other purpose, and shall not be disclosed to anyone except as allowed herein.

3. The designation of information or material as "Confidential" or "Confidential – Attorneys Eyes Only" for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

 (a) in the case of documents, exhibits, briefs, memoranda, declarations, responses to written discovery or other materials (apart from depositions or other pretrial or trial testimony): by affixing the legend "Confidential" or "Confidential – Attorneys Eyes Only" to each page containing any confidential information or material.

 (b) in the case of depositions or other pretrial or trial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as "Confidential" hereunder; or (ii) by written notice of such designation sent by counsel to all parties within thirty (30) days

-2-

after the mailing to counsel of the transcript of the deposition or within thirty (30) days after the Court executes this Order, whichever date is later. During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or nonparty that testimony about to be given is deemed "Confidential." The parties shall treat all deposition and other pretrial and trial testimony as "Confidential" hereunder until the expiration of thirty (30) days after the mailing to counsel of the transcript of the testimony or thirty (30) days after the Court executes this Order, whichever date is later. Unless so designated, any confidentiality is waived after the expiration of the relevant 30-day period unless otherwise stipulated or ordered. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court. If any document or information designated as "Confidential" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped confidential, and access thereto shall be limited pursuant to the terms of this Protective Order.

(c) With respect to any testimony elicited during any deposition, whenever counsel for any party deems that any question or line of questioning calls for or has resulted in disclosure of information that should be treated as "Confidential" and any person is in attendance at the deposition who is not a party to whom disclosure of such information is permitted pursuant to this Order, and such person is not the witness being examined, such person shall be excluded from those portions of the proceeding during which disclosure of the information designated "Confidential" occurs.

4. Information or material designated as "Confidential" or "Confidential – Attorneys Eyes Only," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) any authors or recipients of the Confidential Information, excluding any unauthorized recipients;

-3-

STIPULATED PROTECTIVE ORDER
CASE NO.: C 05-01937 JF

(b) ~~parties~~ *except as to material designated "Confidential- Attorneys Eyes Only"* parties to this action, including Sun Microsystems' officers, directors and employees (including in-house counsel) to the extent deemed necessary by counsel for the defense of this litigation;

(c) the parties' respective outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(d) consultants as defined in Paragraph 5 herein and conditioned upon compliance with Paragraph 6 herein;

(e) the Court and court personnel within the course and scope of their duties;

(f) professional vendors, including, but not limited to, court reporters, videographers, document reproduction and imaging vendors, and their respective employees, to whom disclosure is reasonably necessary for this litigation and who have agreed to be bound by and comply with this Protective Order;

(g) third party contractors, including their employees and agents, involved solely in one or more aspects of design services for preparation of demonstrative exhibits, organizing, filing, copying, coding, converting, sorting, translating, or retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system, subject to and conditioned upon compliance with Paragraph 6 herein;

(h) non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Paragraph 6 herein; and

(i) any other person only upon order of the Court or upon written consent of the party ~~producing~~ *designating* the confidential information or material.

5. For purposes of Paragraph 4(d) herein, a "consultant" shall be defined as a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party.

6. All persons listed in Paragraphs 4(d), 4(f), 4(g), 4(h) and 4(i) above may be given access to information or material designated as "Confidential" only after they first confirm their

-4-

1  understanding and agreement to abide by the terms of this Protective Order by completing and
2  signing a copy of an undertaking in the form attached hereto as Exhibit A.

3      7.    Notwithstanding Paragraph 4 herein, material designated as "Confidential" also
4  may be shown to non-party witnesses and to their respective counsel during the depositions of
5  such non-party witnesses, and may be marked as exhibits to those depositions, provided that all
6  of the following three conditions are satisfied:

7      (a)    Material designated as "Confidential" shall not be attached to any copies of
8  deposition transcripts provided to non-party witnesses (except witnesses, experts, and consultants
9  authorized to receive such materials pursuant to this Order); and

10     (b)    Material designated as "Confidential" shall not be shown to a non-party
11 witness unless the party showing such material to the non-party witness believes in good faith that:
12 (i) such witness has specific information regarding the material or events reflected in the material,
13 (ii) that the material would refresh the recollection of the witness regarding the material or events
14 as to which the witness has specific information, or (iii) disclosure is necessary for a full and
15 complete examination of the witness.

16     8.    Any party or person filing with this Court material subject to this Order that has
17 been designated as "Confidential," including pleadings, motions, briefs, discovery responses,
18 transcripts or depositions, shall file and/or lodge those papers in compliance with the Federal
19 Rules of Civil Procedure, including, but not limited to, Rules 26 and 29, and the Local Rules of
20 the Court for the Northern District of California.

21     9.    No party shall be obligated to challenge the propriety of the designation of any
22 material as "Confidential" and a failure to do so shall not preclude any subsequent objection to
23 such designation or motion to seek permission to disclose such material or the information
24 contained therein to persons not identified in this Order, or motion to otherwise modify the
25 provisions of this Order.

26     10.    A party may challenge another party's [or Non-party's] designation of information or materials
27 produced herein as "Confidential" by serving a written objection upon the designating party or
28 nonparty. The designating party or nonparty shall notify the challenging party in writing of the

-5-

STIPULATED PROTECTIVE ORDER
CASE NO.: C 05-01937 JF

bases for the asserted designation within ten (10) business days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within five (5) business days after the challenging party or nonparty has received the notice of the bases for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the objecting party or nonparty may make an appropriate application to this Court, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and nonparties and persons shall treat the information or materials in question as designated as "Confidential."

11. All "Confidential" information and material covered by this Protective Order shall be kept in secure facilities, and access to those facilities shall be permitted only to those designated persons set forth above as persons properly having access thereto.

12. All counsel for the parties who have access to information or material designated as "Confidential" under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

13. Entering into, agreeing to, and/or producing or receiving information or material designated as "Confidential" or otherwise complying with the terms of this Protective Order shall not:

(a) operate as an admission by any party that any particular information or material designated as "Confidential" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of private or confidential information;

(b) operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "Confidential";

(c) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

        (d)    prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

        (e)    prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

        (f)    prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

        (g)    prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material. The parties shall obtain the written agreement of a designating nonparty to any waive of protection as to documents designated by that nonparty.

14.    This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as "Confidential" obtained lawfully by such party independently of any proceedings in this action, or which:

        (a)    was already known to such party by lawful means prior to acquisition from, or disclosure by, another party in this action;

        (b)    is or becomes publicly known through no fault or act of such party; or

        (c)    is rightfully received by such party from a third party which has authority to provide such information or material and without restriction as to disclosure.

15.    In the event a party receives a discovery request for information that is subject to the confidentiality rights of a nonparty, the responding party shall attempt to obtain the consent of the nonparty to disclose the information pursuant to this Protective Order. If the responding party cannot promptly obtain such consent from the nonparty, the responding party shall promptly provide the nonparty with written notice of: (a) the discovery request seeking the

information; (b) the title, court and case number of this action; and (c) the terms of this Protective Order. Unless the nonparty files a motion for protection within 5 court days of such notification, the party in possession of the information shall comply with the discovery request, subject to any appropriate objections that the party asserts on its/her own behalf. In the event a party receives a discovery request for information that is subject to a protective order in another action, the responding party shall object to the request based on that other protective order. The requesting party shall then be responsible to seek relief from the other protective order from the designating party or nonparty in the other action or from the court that issued the other protective order.

16. If a party inadvertently produces "Confidential" information without marking it as such, as soon as the receiving party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraph 4 above, as well as any copies made by such persons and must discontinue any impermissible use of the information.

17. All documents containing "Confidential" information that are submitted to the Court shall, in accordance with Civil Local Rule 79-5, be provisionally lodged with the Court Clerk in appropriately sealed containers with a cover sheet on which shall be endorsed the title of the action to which it pertains, an indication of the nature of the contents of the sealed container, the appropriate designation of the documents, and a statement substantially in the following form, as required by Civil Local Rule 3-4(a) and (b) of the Court for the Northern District of California: "DOCUMENT SUBMITTED UNDER SEAL." The party lodging "Confidential" information shall also bring a noticed Administrative Motion to File Under Seal pursuant to Civil Local Rule 7-11 of the Court for the Northern District of California, accompanied by a declaration establishing that the entire document [or portions thereof] is sealable. The lodging party shall also lodge with the Clerk and serve a proposed order sealing the document, and shall lodge with the Clerk for delivery to the Judge's chambers a second copy of the entire document, in an identical

1  labeled envelope or container. It is agreed that the parties' respective motions to seal records
2  shall not be opposed by either party absent a good faith belief on the part of the party opposing
3  the motion that documents or records do not in fact contain protectible material. ~~A copy of this~~ The filing
4  party shall also file a redacted copy of the document. p/f ~~Stipulated Protective Order shall be submitted with the lodged materials~~. Any decision not to
5  oppose a motion to seal information shall not operate as an admission that the information
6  requested to be filed under seal contains or reflects trade secrets, proprietary or commercially
7  sensitive information, or any type of private or confidential information.

8        18      The terms of this Protective Order shall apply to all manner and means of
9  discovery, including entry onto land or premises, and inspection of books, records, documents,
10 and tangible things.

11       19.     It is the present intention of the parties that the provisions of this Protective Order
12 shall govern discovery and other pretrial and trial proceedings in this action. Nonetheless, each
13 of the parties hereto shall be entitled to seek modification of this Protective Order by application
14 to the Court on notice to the other parties hereto and to any nonparty which has disclosed
15 information in reliance on this Protective Order, for good cause.

16       20.     The parties agree to be bound by the terms of this Protective Order pending its
17 entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all
18 parties and affected nonparties, and any violation of its terms shall be subject to the same
19 sanctions and penalties as if the Protective Order had been entered by the Court.

20       21.     The provisions of this Protective Order shall, absent written permission of the
21 producing party or further order of the Court, continue to be binding throughout and after the
22 conclusion of this action, including without limitation any appeals therefrom. Unless the court
23 orders otherwise, within thirty (30) days after receiving notice of the entry of an order, judgment
24 or decree finally disposing of this action, including any appeals therefrom, all persons having
25 received information or material designated as "Confidential" hereunder shall return such
26 material and all copies thereof (including summaries and excerpts) to counsel for the producing
27 party or, alternatively, shall destroy such material and provide written certification of such
28 destruction to counsel for the producing party. Notwithstanding the foregoing, the undersigned

-9-

STIPULATED PROTECTIVE ORDER
CASE NO.: C 05-01937 JF

counsel shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including court papers, transcripts, and attorney work product that contain information or material designated as "Confidential") provided that such counsel, and employees of such counsel, shall not disclose any such information and material designated as "Confidential" contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the producing party of the information or material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph. These provisions do not supersede any court policies regarding the handling of documents filed or lodged by the parties with the Court.

22. In the event that any information or material designated as "Confidential" hereunder is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as "Confidential" through such use so long as it has not been disclosed in the public record. Counsel for the parties shall confer on such procedures as are reasonable and appropriate to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

23. If any party receives any legal process (including, but not limited to, a subpoena or discovery request in another action) that seeks documents, materials, items or information which has been designated 'Confidential' of 'Confidential – Attorney's Eyes Only' pursuant to this Protective Order, that party shall give prompt written notice (by fax and first class mail) to the designating party or nonparty, including a copy of the legal process. The party subject to the legal process shall give the person or entity who served the legal process notice of this Protective Order. The designating party or nonparty shall have the burden of defending against any such legal process. The party subject to the legal process shall cooperate with the designating party or nonparty with respect to any protective actions taken. However, nothing herein shall be construed as requiring any party, or anyone else covered by this Protective Order, to challenge or appeal any order requiring production of the documents, materials, items or information sought,

1 or to subject herself/himself/itself to any penalties for noncompliance with any legal process or
2 order, or to seek relief from this or any other court.

3
4 Dated: February 27, 2006           WILSON SONSINI GOODRICH & ROSATI
                                     Professional Corporation
5
6                                    By: _____
                                         Ulrico S. Rosales
7
                                     Attorneys for Defendant
8                                    SUN MICROSYSTEMS, INC.

9
10 Dated: February 21, 2006           KASTNER BANCHERO LLP
11
                                      By: _____
12                                        Phil Martin

13                                    ROPERS, MAJESKI, KOHN AND BENTLEY
14
15                                    By:
                                          Robin Gonzalez
16

17                                    Attorneys for Cross-Claimant and Defendant
                                      RICHARD LYTEL
18

19 Dated: February 17, 2006           RYAN, STEINER AND LEET
20
                                      By: _____
21                                        Jeffrey F. Ryan

22                                    Attorneys for Cross-Claimant and Defendant
                                      JANET SIMPSON
23

24                          IT IS SO ORDERED.
25
26 Dated: 3/7/06             _____
27                           ~~Jeremy Fogel~~
                             United States ~~District Court~~ Magistrate Judge
28

-11-

STIPULATED PROTECTIVE ORDER

1 | or to subject herself/himself /itself to any penalties for noncompliance with any legal process or
2 | order, or to seek relief from this or any other court.

3

4 | Dated: February ___, 2006                WILSON SONSINI GOODRICH & ROSATI
                                              Professional Corporation
5

6                                             By: _____
                                                    Ulrico S. Rosales
7
                                              Attorneys for Defendant
8                                             SUN MICROSYSTEMS, INC.

9

10 | Dated: February 1_, 2006                 KASTNER BANCHERO LLP

11

12                                            By: _____
                                                    Phil Martin

13

14                                            ROPERS, MAJESKI, KOHN AND BENTLEY

15                                            By: _____
                                                    Robin Gonzalez
16

17                                            Attorneys for Cross-Claimant and Defendant
                                              RICHARD LYTEL
18

19 | Dated: February ___, 2006                RYAN, STEINER AND LEET

20

21                                            By: _____
                                                    Jefferey F. Ryan
22
                                              Attorneys for Cross-Claimant and Defendant
23                                            JANET SIMPSON

24                                **IT IS SO ORDERED.**

25

26 | Dated: _____          _____
                                    Jeremy Fogel
27                                  United States District Court

28

---

STIPULATED PROTECTIVE ORDER                    -11-
CASE NO.: C 05-01937 JF

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, the undersigned, _____ (print or type name), hereby acknowledge that I have received a copy of the Protective Order (the "Order") entered on _____, 2006 in the matter entitled "*Richard Lytel v. Janet Simpson*" Case No. C 05-01937 JF, pending in the United States District Court, Northern District of California. My business/residence address is

_____

_____

I hereby consent to personal jurisdiction over me by the Court for purposes of enforcing the Order. I hereby acknowledge that I have received a copy of the Order, have read and understand the Order, and agree to (1) be bound by all of the provisions thereof, (2) submit to the jurisdiction of the United States District Court, Northern District of California for matters relating to this action, and (3) hereby appoint _____, (print or type name), at _____ (print or type address), as my California agent for service of process in connection with this action.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct, and that this Agreement was executed on the _____ day of _____, 200_, at _____.

_____