UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD LYTEL,<br><br>            Plaintiff,<br><br>      v.<br><br>JANET SIMPSON,<br><br>            Defendant.<br>_____<br><br>AND RELATED CROSS-ACTION<br>_____ | Case No.: C 05-1937 JF (PVT)<br><br>**ORDER DENYING MOTION TO REMOVE CONFIDENTIALITY DESIGNATION WITH RESPECT TO SUN MICROSYSTEM'S INVESTIGATION REPORT** |

On February 7, 2006, Defendant/Counter-Claimant Janet Simpson ("Simpson") filed a Motion to Remove the Confidentiality Designation with Respect to Sun Microsystem's Investigation Report.[1] Counter-Defendant Sun Microsystems, Inc. ("Sun") opposed the motion. Plaintiff/Counter-Defendant Richard Lytel ("Lytel") timely filed his declaration in opposition to the motion, but filed his memorandum of points and authorities in opposition to the motion a week late.[2] Lytel neither sought, nor received, leave of court to file his opposition brief a week late. Simpson filed a reply to Sun's opposition, and an objection to Lytel's late-filed opposition brief. The court sustains Simpson's objection to the late-filing of Lytel's opposition brief, and does not consider that brief in

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2] Lytel also filed, on March 3, 2006, an *ex parte* application to permit filing supplemental materials. The court hereby denies that application as moot, in that the supplemental materials are not necessary to the court's decision on Simpson's motion.

ORDER, *page 1*

reaching its determination herein. The court will, however, take Lytel's timely-filed declaration into consideration because Simpson had ample opportunity to respond to that declaration. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Therefore,

IT IS HEREBY ORDERED that Simpson's motion is DENIED. Rule 26(c) of the Federal Rules of Civil Procedure authorizes the court to protect a party from "annoyance, embarrassment, oppression or undue burden or expense." Courts routinely allow employers to designate employee records "Confidential" under an appropriate protective order pursuant to Rule 26(c) to protect their employees' right of privacy. *See, e.g., Knoll v. American Telephone & Telegraph Company*, 176 F.3d 359, 365 (6th Cir. 1999) (holding employer had a valid interest in the privacy of nonparty personnel files and that it was within the district court's power to grant protective order that limited access to the plaintiff's counsel); *see, also, Foltz v. State Farm Mutual Automobile Ins. Co.*, 331 F.3d 1122, 1137, 1139 (9th Cir. 2002) (approving use of protective order in protecting third-party employees' private personnel information).[3] Further, Lytel's declaration makes a specific showing of good cause to warrant protection under Rule 26(c), at least at this point in the proceedings. While some embarrassment to litigants is inherent in lawsuits of this nature, and, in fact, some of Simpson's allegations are already a matter of public record, Lytel has shown good cause to preclude wide dissemination of disputed, purportedly one-sided sensitive information. The Protective Order leaves for the determination of the trial judge whether or not materials entered into evidence at trial, or submitted in support of a dispositive motion, will be sealed.[4]

Dated: *3/7/06*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[3] In *Foltz* the Ninth Circuit found the third-party employees' privacy rights could be protected by redacting their names and other identifying information from the particular records at issue. Here, given the few individuals involved, and the factual context of the information, redaction of names and other specifically identifying information would not preclude identification of the employees involved.

[4] The presumption of access to court materials does not apply to materials disclosed in discovery which have *not* been attached to any dispositive motion or admitted in evidence at trial. *See Foltz v. State Farm Mutual Automobile Ins. Co.*, 331 F.3d at 1134-35.