UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD LYTEL, | Case No.: C 05-1937 JF (PVT) |
| Plaintiff, | **ORDER RE MOTION FOR A PROTECTIVE ORDER OF DEFENDANT'S HARD DRIVE.** |
| v. | |
| JANET SIMPSON, | |
| Defendant. | |
| AND RELATED CROSS-ACTION | |

On March 21, 2006, the parties appeared for hearing before Magistrate Judge Patricia V. Trumbull regarding Defendant/Cross-Claimant Simpson's ("Simpson") request for a protective order precluding Plaintiff/Cross-Defendant Lytel's ("Lytel") expert from inspecting her personal computer hard drive.[1]  Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Defendant Simpson's motion for a protective order of Simpson's hard drive is GRANTED in part, and DENIED in part.  Simpson's request for a protective order as to the entire hard drive is DENIED.  Lytel is entitled to inspect e-mail communications between Simpson and other Sun Microsystems employees that might be found on

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

Simpson's hard drive .[2]  Rule 34 of the Federal Rules of Civil Procedure provides, in relevant part:

> "Any party may serve on any other party a request (1) ***to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy***, any designated documents (including writings, drawings, graphs, charts, photographs, phonorecords, and ***other data compilations*** from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form) * * * ." (emphasis added.)

Thus, Rule 34 expressly authorizes inspection of original documents. A propounding party may agree to accept copies in lieu of inspecting the originals, but is not required to accept copies absent a protective order.

IT IS FURTHER ORDERED that Simpson's request for protection of confidential information on her hard drive is GRANTED. Simpson hired an expert to make a copy of her hard drive. Lytel's expert and Simpson's expert shall meet and confer, no later than 30 days after this order, to discuss the procedures for recovering e-mails from the copy of Simpson's hard drive. Lytel, through his and Simpson's expert, may only search for communications between Simpson and other Sun employees. Any retrieved e-mails between Simpson and other Sun employees shall first be reviewed by Simpson's attorney, and then by Sun's attorney. Either Simpson or Sun may designate e-mails "confidential" if appropriate under the Protective Order on file herein. If Simpson withholds any e-mails on grounds of privilege or work product, she shall promptly serve a privilege log.

The committee notes to the 1970 amendments to Rule 34 state:

> "The inclusive description of 'documents' is revised to accord with changing technology. It makes clear that Rule 34 applies to electronics data compilations from which information can be obtained only with the use of detection devices, and that when the data can as a practical matter be made usable by the discovering party only through respondent's devices, respondent may be required to use his devices to translate the data into usable form. In many instances, this means that respondent will have to supply a print-out of computer data. The burden thus placed on respondent will vary from case to case, and the courts have ample power under Rule 26(c) to protect respondent against undue burden or expense, either by restricting discovery or requiring that the discovering party pay costs. Similarly, ***if the discovering party needs to check the electronic source itself***, the court ***may protect respondent with respect to preservation of his records, confidentiality of nondiscoverable matters***,

---

[2] Simpson's assertion that e-mails between Simpson and other Sun employees have never been previously requested during discovery misses the point. The document request at issue in this motion states "The hard drive in the computer or computers used by Janet Simpson at her home office between January 1, 2003 and the present. Said hard drive or drives will be examined and/or copied by a certified expert to permit extraction of ***all e-mail communications sent or received by Janet Simpson to or from employees of Sun Microsystems*** during the above time period." This ***is*** the request to inspect such emails.

and costs." (emphasis added.)

FEDERAL RULES OF CIVIL PROCEDURE 34(a) (Advisory Committee Notes, 1970 Amendment).

IT IS FURTHER ORDERED that no later than April 3, 2006, Simpson's expert shall serve and file a declaration describing the procedure that he or she used to preserve a copy of Simpson's hard drive.

Dated: *3/22/06*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 3*