UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD LYTEL,<br><br>    Plaintiff,<br><br>  v.<br><br>JANET SIMPSON,<br><br>    Defendant.<br><br>AND RELATED CROSS-ACTION | Case No.: C 05-1937 JF (PVT)<br><br>**ORDER RE DEFENDANT/COUNTER-CLAIMANT SIMPSON'S MOTION FOR PROTECTIVE ORDER REGARDING SETTLEMENT AGREEMENT AND RELATED DOCUMENTS** |

On June 20, 2006, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Defendant/Counter-Claimant Simpson's ("Simpson") motion for a protective order precluding Plaintiff/Counter-Defendant Lytel ("Lytel") from obtaining or using any documents regarding the settlement agreement between Simpson and dismissed Counter-Defendant Sun Microsystems, Inc. ("Sun").[1]  Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Defendant Simpson's motion for a protective order is DENIED.

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

IT IS FURTHER ORDERED, that the settlement agreement may be designated "Confidential – Attorneys Eyes Only" pursuant to the Protective Order[2] herein if Simpson and her attorney make a good faith determination that such a designation is warranted. In that case, the terms of the Protective Order will govern any further disclosure.

## I. LEGAL STANDARD

### A. MOTION FOR PROTECTIVE ORDER

Federal courts may issue a protective order limiting the production of any documents if the moving party shows "good cause" for its issuance. FED. R. CIV. P. 26(c). A party asserting good cause must demonstrate that specific harm or prejudice will result if the documents are produced. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc., v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

### B. DISCOVERY AND SETTLEMENT AGREEMENTS

In general, "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...." FED. R. CIV. P. 26(b)(1). Relevance is not conditioned upon admissibility, but rather construed more broadly to permit discovery as long as it appears to be reasonably calculated to lead to the discovery of admissible evidence. *Id*. at 26(b)(1). Moreover, courts follow a policy favoring discovery to facilitate proper litigation through a liberal construction of the discovery rules. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Therefore, a settlement agreement that is inadmissible in whole or part may be held relevant and thus discoverable under Rule 26(b)(1).

Courts have permitted discovery of settlement agreements in several instances. In one case, a district court found that a settlement agreement between the plaintiff and a defendant was discoverable by the non-settling defendant. *Bennett v. La Pere*, 112 F.R.D. 136 (D.R.I. 1986). The *Bennett* court recognized that between jointly liable defendants, the settlement could lead to information crucial to determining any monetary offset of the non-settling defendant. *Id*. at 139. In

---

[2] As used in this paragraph, "Protective Order" refers to the Stipulated Protective Order as modified by the court, filed herein on March 7, 2006 at docket #167.

*White v. Warren*, 203 F.R.D. 364 (2001), a district court held that a settlement agreement between the plaintiff and a settling-defendant was discoverable. The court found that where there is an overlap of claims by the plaintiff against defendants, a settlement agreement is relevant to ascertain the remaining liability of the non-settling defendant. *Id*. at 366. An Illinois district court permitted discovery of a settlement agreement between the intervening plaintiff and the defendant. *U.S. Equal Employment Opportunity Commission v. Rush Prudential Health Plans*, 1998 WL 156718 (N.D. Ill. 1998). The *Rush* court held that discovery of a settlement agreement by a non-settling party was important to determine potential settlement negotiations and litigation strategy. *Id*. at 2.

In opposing discovery of settlement agreements, Simpson relies on Federal Rule of Evidence 408 to argue that a strong public policy to promote a voluntary resolution of claims precludes the discovery of these agreements, citing *United States v. Contra Costa County Water District*, 678 F.2d 90, 92 (9th Cir. 1982). That case, however, like Rule 408, dealt only with admissibility. As previously stated, admissibility is not the test of relevance. The rule expressly acknowledges that it "does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations." Rule 408 speaks only to the inadmissibility of "evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount," and "evidence of conduct or statements made in compromise negotiations." Thus by its terms, the rule does not require the exclusion of all evidence of settlement agreements. To the contrary, Rule 408 permits admission of evidence to prove bias or obstruction of a criminal investigation. These concerns, along with the liberal policy regarding discovery, evidence a strong intent that Rule 408 does not shield matters relating to settlement agreements from discovery.

**II.   DISCUSSION**

    **A.   SIMPSON HAS FAILED TO SHOW GOOD CAUSE**

Under Federal Rule of Civil Procedure 26(c), Simpson must show good cause in order for this court to issue a protective order for the settlement agreement and related documents. Simpson has made no such showing. Simpson argues disclosure of the confidential settlement agreement may

subject her to a lawsuit by Sun, but does not provide this court with any factual showing of any basis for such liability. Moreover, parties may not artificially deprive the court of the ability to order discovery by entering into a private agreement with the threat of liability for disclosure. Simpson then contends that Lytel requests discovery of these documents to annoy and harass Simpson, but makes no attempt to demonstrate how she will be harmed. Simpson argues that discovery of the confidential settlement agreement would disrupt a strong policy favoring non-judicial claims resolution. Disclosure of the agreement, however, would have no impact on Sun and Simpson, as Sun has already been dismissed from suit and the agreement has presumably been executed. In accordance with the Ninth Circuit holding that broad allegations without specific examples of harm are insufficient to meet the Rule 26(c) test, this court finds that Simpson has not carried her burden for issuance of a protection order. *Beckman Indus., Inc., v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

### B. THE SETTLEMENT AGREEMENT IS DISCOVERABLE

As previously noted, courts have found that settlement agreements are discoverable, particularly with respect to ascertaining any remaining liability. Lytel argues that since Simpson's harassment claims against himself and the now-dismissed Sun overlapped, the settlement agreement between Simpson and Sun is relevant to ascertaining any offset he is entitled to if found liable. *White v. Warren*, 203 F.R.D. 364, 366 (2001). In reply, Simpson concedes that relevancy but argues that there is no compelling need for Lytel to obtain information at this stage of the proceedings. Simpson cites no authority to support delaying discovery of the settlement agreement on this basis. Moreover, any delay in discovery of the agreement may deprive Lytel of an opportunity to evaluate a settlement with Simpson. At the very least, then, information concerning any offset to Lytel is relevant and thus discoverable under FED. R. CIV. P. 26(b)(1).

Furthermore, Lytel argues that the information in the settlement agreement is relevant to revealing any possible bias on the part of witnesses employed by settling-defendant Sun. Settlement agreements as evidence of potential witness bias are admissible under Rule 408. Lytel is entitled to learn whether any promises have been made in connection with Sun's dismissal as a party defendant or whether Simpson chose to voluntarily drop her claims against Sun. *White*, 203 F.R.D. at 367.

The settlement agreement is also relevant to a potential settlement agreement between the remaining parties and formulating a litigation strategy.  *U.S. Equal Employment Opportunity Commission v. Rush Prudential Health Plans*, 1998 WL 156718 (N.D. Ill. 1998).

Dated:  *6/23/06*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge