**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD LYTEL,<br><br>        Plaintiff,<br><br>v.<br><br>JANET SIMPSON,<br><br>        Defendant.<br><br>AND RELATED CROSS-ACTION | Case No.: C 05-1937 JF (PVT)<br><br>**ORDER RE SCHEDULE FOR TALLURI AND DUGGAN DEPOSITIONS** |

On July 6, 2006, Defense counsel contacted the court regarding a dispute which arose regarding the scheduling of the Duggan deposition.[1] Pursuant to instructions from the court, the parties electronically filed briefs regarding the scheduling dispute. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that the deposition of Madhu Talluri shall be rescheduled for a date in August. The parties shall promptly meet and confer regarding the date for this deposition. The parties shall endeavor to coordinate the date for this deposition with the deposition of Marty

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

Robbins, who also resides in Washington state. If the parties are unable by July 20, 2006 to agree on the date for the Talluri deposition, then no later than July 21, 2006 the parties shall each file a short brief (no more than 5 pages) setting forth their respective scheduling needs for that deposition, as well as information regarding availability of Mr. Talluri and his counsel, if any.

IT IS FURTHER ORDERED that Plaintiff's counsel shall immediately inform counsel for Sun Microsystems, Inc. and Mr. Talluri of the terms of this order with regard to the Talluri deposition, and shall serve a copy of this order on each of them.

IT IS FURTHER ORDERED that the deposition of Dermott Duggan shall take place on July 19, 2006 in lieu of the Tremblay deposition. If Plaintiff still wishes to take the Tremblay deposition, the parties shall meet and confer regarding a date in August for that deposition.

IT IS FURTHER ORDERED that the parties shall continue to meet and confer regarding the remaining depositions. The court understood the current dispute related *only* to the Duggan deposition. The court also addressed the Talluri deposition because *both* parties also briefed their dispute with regard to that deposition. However, because it is not clear that both counsel understood that disputes regarding the scheduling of any other depositions were currently before the court, such disputes must be addressed in later briefing after further meet and confer. The parties shall endeavor to finalize the entire deposition schedule as soon as possible. No later than July 31, 2006, the parties shall each file a brief regarding any depositions *that* party has noticed, for which the parties have been unable to agree to a schedule. The briefs shall include all pertinent information regarding the availability of the deponent and the deponent's counsel, if any. No later than August 3, 2006, the non-noticing party shall file a responding brief. Absent further order of the court, the court will schedule the depositions without further briefing or oral argument.

Dated: *7/7/06*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 2*