**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12   RICHARD LYTEL,                    )      Case No.: C 05-1937 JF (PVT)
                                       )
13                    Plaintiff,       )      **ORDER RE DEFENDANT'S**
                                       )      **EVIDENTIARY OBJECTION AND**
14        v.                           )      **REQUEST TO SEAL**
                                       )
15   JANET SIMPSON,                    )
                                       )
16                    Defendant.       )
     _____)
17                                     )
     AND RELATED CROSS-ACTION          )
18   _____)

19        On July 18, 2006, Plaintiff/Counter-Defendant Lytel ("Lytel") and Defendant/Counter-

20   Claimant Janet Simpson's ("Simpson") appeared before Magistrate Judge Patricia V. Trumbull for

21   hearing of a discovery motion.[1]  At the beginning of the hearing, Defense counsel complained that

22   1) Lytel had violated "Federal Rule 406" by disclosing settlement negotiations; and 2) Lytel had filed

23   in the public record a portion of Simpson's medical records.

24        IT IS HEREBY ORDERED that, to the extent Defense counsel's reference to "Federal Rule

25   406" was intended to be an objection to Lytel's reference to settlement negotiations based on

26   Federal Rule of Evidence 408, that objection is OVERRULED.  Rule 408 provides, in pertinent

27

28        [1]      The holding of this court is limited to the facts and the particular circumstances
     underlying the present motion.

                              ORDER, *page 1*

**United States District Court**

For the Northern District of California

1  part:

2             "Evidence of (1) furnishing or offering or promising to furnish, or (2)

3             accepting or offering or promising to accept, a valuable consideration
              in compromising or attempting to compromise a claim which was

4             disputed as to either validity or amount, is not admissible to prove
              liability for or invalidity of the claim or its amount. Evidence of

5             conduct or statements made in compromise negotiations is likewise
              not admissible . . . This rule also does not require exclusion when the

6             evidence is offered for another purpose . . . ."

7        Here, Lytel did not submit the information about Simpson's settlement demand in order to

8  prove "liability for or invalidity of the claim or its amount."  Lytel submitted the information as

9  support for his argument that the discovery at issue in the motion was warranted.  Rule 408 does

10  not preclude evidence of settlement negotiations when offered for that purpose.

11        IT IS FURTHER ORDERED that, to the extent Simpson's complaint about the filing of

12  portions of her medical records in the public file was intended as a motion to seal, that motion is

13  GRANTED.  Simpson shall promptly file a request to seal that references this order, and that

14  specifically identifies by docket number each such document to be filed under seal.

15  Dated: *7/21/06*

16  
17  PATRICIA V. TRUMBULL
        United States Magistrate Judge

18  

19  

20  

21  

22  

23  

24  

25  

26  

27  

28  

ORDER, *page 2*