UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD LYTEL,<br><br>        Plaintiff,<br><br>  v.<br><br>JANET SIMPSON,<br><br>        Defendant.<br><br>AND RELATED CROSS-ACTION | Case No.: C 05-1937 JF (PVT)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER REQUIRING RETURN OF DOCUMENTS PROVIDED BY DEFENDANT'S EXPERT TO SUN AND LYTEL; DENYING APPLICATION TO SHORTEN TIME; AND GRANTING REQUEST TO SEAL** |

On August 31, 2006, Defendant filed a motion for a protective order requiring the return of documents her expert provided to counsel for Sun Microsystems, Inc. ("Sun"), who in turn produced the documents to counsel for Plaintiff.[1]  Having reviewed the papers submitted by Defendant, the court finds it appropriate to issue an order without further briefing or oral argument.[2]  Based on the moving papers and the file herein,

IT IS HEREBY ORDERED that Defendant's motion is DENIED.  Defendant cites no case or

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2] Given the motion's clear lack of legal merit–and the proximity of trial–the court is not inclined to spend any more of the parties' and the court's time with further briefing and hearing on this motion.

ORDER, *page 1*

statute that would authorize the court to order Lytel to return the documents under the present circumstances. There is no provision under Rule 26(c)[3] expressly authorizing a court to order the return of inadvertently produced documents. While Rule 26(c) has been relied on by courts in ordering return of inadvertently produced privileged or work product documents, the issue in those cases is primarily addressed as a question of whether the privilege or work product protections have been waived. In those cases it is the protected nature of the documents that form the basis for an order that the documents be returned. Defendant does not assert that any of the documents at issue in this motion are protected by any privilege or the work product doctrine. Moreover, even if Defendant had asserted privilege or work product protections, Defendant has not made the showing required to warrant return of inadvertently produced privileged or work product documents. *See, e.g., Hartford Fire Ins. Co. v. Garvey*, 109 F.R.D. 323, 331-32 (N.D.Cal. 1985).[4]

The availability of protective orders under Rule 26(c) is "plainly limited in its application to protection from abuses flowing from the employment of the discovery rules." *See Kirshner v. Uniden Corporation of America*, 842 F.2d 1974, 1080-81 (9th Cir. 1988) quoting 4 *Moore's Federal Practice* ¶ 26.78 at 26-503 to 26-504 (1987). The order Defendant seeks does not constitute protection from any *abuse* of the discovery process by another party.

Plaintiff had served Defendant with a request for production of the hard drive from her personal computer. Plaintiff objected and moved for a protective order arguing that many privileged and irrelevant documents were contained thereon. The court granted the motion only in part, denying the motion to the extent Defendant sought to protect her entire hard drive, and authorizing the experts (both Plaintiff's and Defendant's) to search only for emails between Defendant and other Sun employees. Nothing in that order was intended to grant unconditional protection to any non-

---

[3] All references to rules herein are to the Federal Rules of Civil Procedure.

[4] Under *Hartford*, a key factor in evaluating whether an inadvertent production did *not* waive privilege and/or work product protection, thus warranting an order requiring return of the protected documents, is the reasonableness of the precautions taken to prevent inadvertent disclosure. This court's prior order expressly provided that Defendant's counsel was entitled to review the documents retrieved from Defendant's hard drive *before* the production to Sun and Plaintiff. Yet Defendant fails to explain what effort, if any, her counsel made to review the documents before they were produced.

ORDER, *page 2*

privileged documents that may be relevant to this litigation.[5]  The court does not hereby attempt to determine whether or not the documents which are the subject of this motion are relevant to this action.  The court only clarifies the intent of its prior order to make clear that the voluntary production of non-privileged documents by Defendant's own expert did not in any way constitute the kind of "abuse" of the discovery process for which Rule 26(c) provides protection.

IT IS FURTHER ORDERED that Defendant's application to shorten time for this motion is DENIED as moot.

IT IS FURTHER ORDERED that Defendant's request to file copies of the subject documents under seal is GRANTED.  On the face of the documents, it is sufficiently apparent that they constitute confidential communications to warrant filing them under seal at this time.

Dated: *9/14/06*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[5] The court's intent was to protect only information that was not within the broad scope of discovery. Neither Plaintiff nor the court knew what other documents on Defendant's computer might fall within the scope of discovery. Because the only information Plaintiff specifically identified and actively sought were communications between Defendant and other Sun employees, the court limited the production accordingly.

ORDER, *page 3*